UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. NEAL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF SATF,<br><br>　　　　　Respondent. | No. 2:16-cv-2778 JAM DB P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court are petitioner's motions for an investigation and for "equal access to the courts."

In his motion for an investigation, petitioner appears to seek an order requiring an investigation into violations of his civil rights and into a criminal conspiracy. (ECF No. 45.) Petitioner is essentially asking the court to order a factual investigation into the bases for his petition. Petitioner's request is premature. When, and if, the merits of petitioner's claims are considered, the first step will be a determination of whether the state court decisions rejecting petitioner's claims were unreasonable under 28 U.S.C. § 2254(d). Only after petitioner clears that hurdle may the court consider new evidence which was not presented to the state court. See Cullen v. Pinholster, 563 U.S. 170 (2011). Therefore, petitioner's motion for an investigation will be denied.

1

|   |   |
|---|---|
| 1 | In his second motion, petitioner complains about the unfairness inherent in proceeding pro se against respondent, who is represented by counsel.  Essentially, petitioner is again requesting the appointment of counsel.  As the court informed petitioner in its order denying his prior request, the court does not find the appointment of counsel warranted at this time.  (See Dec. 7, 2016 Order (ECF No. 24).)  Petitioner is advised that if at any point in this proceeding the court feels counsel should be appointed, the court will issue an order appointing counsel for petitioner. |

In his second motion, petitioner complains about the unfairness inherent in proceeding pro se against respondent, who is represented by counsel.  Essentially, petitioner is again requesting the appointment of counsel.  As the court informed petitioner in its order denying his prior request, the court does not find the appointment of counsel warranted at this time.  (See Dec. 7, 2016 Order (ECF No. 24).)  Petitioner is advised that if at any point in this proceeding the court feels counsel should be appointed, the court will issue an order appointing counsel for petitioner.

Finally, petitioner is warned that he must use restraint in filing motions.  By the court's count, petitioner has filed over 25 motions and requests to date.  Many of petitioner's motions seek the same things – factual development of his claims and the appointment of counsel.  Petitioner may not continually file motions seeking the same relief without consequences.  Under Federal Rule of Civil Procedure 11(b), a prisoner's claims are considered frivolous if they "merely repeat[] pending or previously litigated claims."  Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).  Sanctions for violation of Rule 11(b) may include dismissal of petitioner's case.  See Bell v. Harrington, No. 1:12-cv-0349-LJO-GBC (PC), 2012 WL 893815, *9 (E.D. Cal. Mar. 15, 2012).  Petitioner should carefully consider whether any motion he intends to file is inappropriate because he has already filed the same, or a very similar, motion, or because the relief he is seeking is premature.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's March 16, 2017 motion for investigation (ECF No. 45) is denied; and
2. Petitioner's March 21, 2017 motion for equal presentation (ECF No. 46) is denied.

Dated:  June 30, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/neal2778.mtns(2)

2