UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. NEAL,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, SATF,<br><br>    Respondent. | No. 2:16-cv-2778 JAM DB P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner is a state prisoner proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2012 conviction on one count of a lewd act upon a child. Petitioner contends, among other things, he is actually innocent, he was incompetent at the time of the crime and at the time he rendered his plea, his trial and appellate attorneys rendered ineffective assistance, and the district attorney withheld exculpatory evidence. Before the court is respondent's motion to dismiss the petition as untimely and multiple motions filed by petitioner, including motions for an evidentiary hearing, for scribing assistance, and for medical testing. For the reasons set forth below, the court will recommend denial of the motion for an evidentiary hearing and dismissal of the petition as untimely. The court will further deny petitioner's pending motions as moot.

////

////

1

**BACKGROUND**

In mid-2012, defendant was charged with committing a lewd act upon a child, sodomy by a person over 21 years old of a person under 16 years old, oral copulation by a person over 21 years old on a person under 16 years old, and being a felon in possession of a firearm. On December 21, 2012, petitioner plead no contest to the crime of Lewd Act Upon a Child and was sentenced to eight years in prison. (LD 1.[1]) Petitioner's appellate attorney filed a brief explaining that he found no basis for an appeal. On August 30, 2013, the California Court of Appeal, Third Appellate District, affirmed the judgment. (LD 2.) Petitioner did not seek review in the California Supreme Court.

Petitioner subsequently filed eight pro se state post-conviction challenges:

1. October 23, 2014 - Petition for writ of habeas corpus filed in the Plumas County Superior Court.[2] (LD 3.) The court denied the petition on January 5, 2015. (LD 4.)

2. July 7, 2015 - Petition for writ of habeas corpus filed in the Plumas County Superior Court. (LD 5.) Petition denied on October 8, 2015. (LD 6.) The court found all claims, except a claim based on the recantation of the victim, barred as successive and untimely and denied the recantation claim on the merits.

3. July 24, 2015 - Petition for writ of habeas corpus filed in the Plumas County Superior Court. (LD 7.) The court denied the petition on October 8, 2015 on the same grounds as it denied the prior petition. (LD 8.)

---

[1] Respondent lodged the state court record here on May 15, 2017. (See ECF No. 54.) Documents are identified by the Lodged Document ("LD") number assigned them by respondent.

[2] Petitioner signed this state petition on October 23, 2014. (LD 3.) Pursuant to the "mailbox rule," prisoners are deemed to have filed documents with the court on the date they gave them to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). Petitioner's first state petition does not include a proof of service so it is not clear when petitioner provided copies to the prison for mailing. The court notes that it may very well have been after October 23. The petition was not filed-stamped in the Plumas County Superior Court until December 5, 2014. (LD 3.) In any event, the court will give petitioner the benefit of the doubt and will consider the petition filed on October 23, 2014.

4. October 7, 2015 - Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District. (LD 9.) The court denied the petition as "premature" on October 15, 2015. (LD 10.)

5. November 17, 2015 - Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District. (LD 11.) The court denied the petition, without comment, on December 4, 2015. (LD 12.)

6. December 6, 2015 - Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District. (LD 13.) On December 18, 2015, the court again denied the petition without comment. (LD 14.)

7. February 7, 2016 - Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District. (LD 15.) The court denied the petition without comment on February 19, 2016. (LD 16.)

8. February 17, 2016 - Petition for writ of habeas corpus filed in the California Supreme Court. (LD 17.) On June 29, 2016, the court denied the petition without comment. (LD 18.)

Petitioner filed his present federal petition on October 5, 2016. (ECF No. 1.) Petitioner makes the following claims: (1) he is actually innocent; (2) he was incompetent to enter a plea; (3) the district attorney used false evidence; (4) his trial attorney was ineffective; (5) his appellate attorney was ineffective; (6) the district attorney's office withheld exculpatory evidence; (7) the evidence was insufficient to support a finding of guilt; (8) the review by the Court of Appeal was inadequate due to the lack of a record; (9) the trial court lacked jurisdiction; (10) the trial judge was biased; (11) the trial judge wrongfully denied a Marsden motion; and (12) petitioner was denied a presumption of innocence when the district attorney told petitioner's trial attorney and the court that petitioner's DNA had been found at the scene. (Id. at 14-16.) Shortly thereafter, petitioner filed multiple motions seeking a plethora of court orders, including the appointment of counsel, discovery, an evidentiary hearing, and court-ordered investigations. The court denied motions seeking discovery or an evidentiary hearing as premature (see ECF Nos. 40, 75) and

////

3

denied motions for the appointment of counsel (see ECF Nos. 7, 75). The following motions remain:

1. In a document filed on April 3, 2017, petitioner seeks reconsideration of the denial of his requests for the appointment of counsel. (ECF No. 47.) Petitioner contends he is disabled because he has low cognitive functioning due to a brain injury. He asks for scribing assistance and the appointment of counsel.
2. In a document filed on May 1, 2017, petitioner requests summary judgment based on respondent's failure to file a timely answer. (ECF No. 52.)
3. In a document filed on May 11, 2017, petitioner requests a ruling on his prior requests for the appointment of counsel. (ECF No. 53.)
4. In a document filed on May 15, 2017, petitioner asks for a ruling on his requests for discovery and an evidentiary hearing. (ECF No. 57.)
5. In a document filed on May 25, 2017, petitioner moves for reconsideration on "docket #35, 37, 33, 32, 14, 8, 4, 5 & 6." (ECF No. 59.) He also asks for a ruling on docket #45.
6. In a document filed on June 12, 2017, petitioner seeks scribing assistance. (ECF No. 68.)
7. In documents filed on August 3 and August 4, 2017, petitioner seeks the appointment of counsel. (ECF Nos. 85, 86.) Petitioner attaches a document to his August 3 filing which shows that in March 2017, he was reclassified as "DD2," indicating he is now considered disabled.
8. On December 1, 2017, petitioner moved for court-ordered medical testing. (ECF No. 97.)

On April 28, 2017, respondent moved to dismiss the petition as untimely. Petitioner, acting in pro se, filed several documents in opposition. (ECF Nos. 56, 58, 62, 63, 64, 65, and 76.) On July 28, 2017, respondent filed his reply to petitioner's opposition documents. (ECF No. 84.)

On October 31, 2017, the court appointed counsel for petitioner for the limited purpose of opposing the motion to dismiss. (ECF No. 92.) On December 7, petitioner through counsel filed

an amended opposition to the motion to dismiss. (ECF No. 98.) Respondent filed a reply. (ECF No. 104.)

## PETITIONER'S MOTIONS

For the reasons set out below, the court recommends that all claims in the petition be deemed untimely and respondent's motion to dismiss be granted. Based on those recommendations, and based on the appointment of counsel for petitioner, the court will reject petitioner's various motions as moot.

## MOTION TO DISMISS

### I. Legal Standards

#### A. Standards for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

#### B. Statute of Limitations

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under subsection (d)(1)(A), the limitations period runs from the time a petition for certiorari to the United States Supreme Court was due, or, if one was filed, from the final decision by that court. Lawrence v. Florida, 549 U.S. 327, 339 (2007).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief—so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 191-93 (2006)); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (within California's state collateral review system, a properly filed petition is considered "pending" under section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time").

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than

merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Id. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner may have his untimely-filed case heard on the merits if he can persuade the district court that it is more likely than not that no reasonable juror would have convicted him. McQuiggin v. Perkins, 569 U.S. 383, 400-01 (2013); Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin, 569 U.S. at 399. For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. Id.

**II.     Discussion**

**A.  Is the Petition Timely?**

The Court of Appeal denied petitioner's appeal on August 30, 2013. Any petition for review to the California Supreme Court was due forty days thereafter, on October 9, 2013. See Cal. R. of Ct. 8.500(e)(1); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period commenced running the following day, on October 10, 2013. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)). Thus, the last day to file a federal petition was October 9, 2014.

The earliest possible date petitioner's first state habeas petition could be considered filed is October 23, 2014, which is after the expiration of the statute of limitations. Accordingly, petitioner is not entitled to statutory tolling during the time period his state petitions were pending. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Once the federal limitations period has expired, it may not be reinitiated by the filing of a state habeas petition,

////

even if that habeas petition was timely under state law.)  Therefore, under § 2244(d)(1)(A), the petition is not timely.  The parties do not dispute that determination.

Petitioner essentially concedes that most of his claims are barred by the statute of limitations.  (See ECF No. 98.)  He argues that two claims should survive because they are based on colorable allegations that he is actually innocent.

### B. Actual Innocence Exception

#### 1. Legal Standards

In <u>Schlup v. Delo</u>, 513 U.S. 298 (1995), the Supreme Court held that a habeas petitioner who makes a "colorable claim of factual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s] considered on the merits." 513 U.S. at 314-15.  To invoke this miscarriage of justice exception to AEDPA's statute of limitations, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.  <u>McQuiggin</u>, 569 U.S. at 386.

This exception is concerned with actual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial.  <u>Schlup</u>, 513 U.S. at 324; <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998).  To make a credible claim of actual innocence, petitioner must produce "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324.  In assessing this new evidence, habeas corpus courts consider all of the evidence and may have to make some credibility assessments.  <u>See</u> <u>House v. Bell</u>, 547 U.S. 518, 538–40 (2006); <u>Schlup</u>, 513 U.S. at 331-32 (district court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probably reliability of that evidence.").

The Ninth Circuit recently recognized that there is some question whether the new evidence for purposes of an actual innocence gateway claim must be newly discovered or simply newly presented.  In <u>Pratt v. Filson</u>, 705 F. App'x 523, 525 (9th Cir. 2017), the court noted that it previously adopted the "newly presented" standard as set out by the plurality in <u>Schlup</u>.  <u>Id.</u> (citing <u>Griffin v. Johnson</u>, 350 F.3d 956, 962 (9th Cir. 2003)).  While the court questioned whether the <u>Griffin</u> standard is still viable, it declined to reconsider that question.  <u>Id.</u>  Therefore,

8

this court remains bound by Ninth Circuit precedent and will consider whether petitioner has presented new evidence in support of his actual innocence claim.

Courts have found the "Schlup gateway" satisfied in few cases. In Larsen v. Soto, 742 F.3d 1083, 1096-97 (9th Cir. 2013), the court noted that the Schlup gateway is "demanding" and "precedents holding that a habeas petitioner satisfied its strictures have typically involved dramatic new evidence of innocence." In McQuiggin, the Supreme Court re-stated its description of the Schlup gateway: "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" 569 U.S. at 386 (quoting Schlup, 513 U.S. at 329). Thus, the Schlup gateway requires the production of "'new reliable evidence . . . sufficient to persuade the district court that 'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Zapata v. Davis, No. SA-16-CA-1244-XR, 2017 WL 1403307, at *2 (W.D. Tex. Apr. 18, 2017); see also Black v. Vasquez, No. CV 16-4940-ODW (GJS), 2016 WL 6436822, at *7 (C.D. Cal. Oct. 31, 2016) ("The Schlup gateway test requires the presentation of 'new reliable evidence,' which then is compared to the evidence presented previously."); Shoulders v. Eckard, No. 14-1753, 2016 WL 1237798, at *4 (W.D. Pa. Feb. 29, 2016), rep. and reco. adopted, 2016 WL 1213627 (W.D. Pa. Sept. 6, 2016); Lowman v. Swarthout, No. 13-cv-1729-BAS (PCL), 2014 WL 4704590, at *3 (S.D. Cal. Sept. 22, 2014).

The consideration of actual innocence is made complicated by the fact petitioner entered a plea. The Supreme Court noted that problem in Bousley v. United States, 523 U.S. 614, 624 (1998). See also Smith v. Baldwin, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) (court assumes, without deciding, that actual innocence gateway is available to a petitioner who plead guilty or no contest). There, the Court stressed that "[a]ctual innocence means factual innocence, not mere legal insufficiency." 523 U.S. at 623. The Court then set out some standards for consideration of an actual innocence claim in this situation. First, the government would not be "limited to the existing record to rebut any showing that petitioner might make. Rather, . . . the [g]overnment should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy. . . ." Id. at 624. Further, "[i]n cases where

9

the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges. Id. Therefore, here, petitioner must show actual innocence of not only the charges of the sexual assaults, but also the charge of being a felon in possession of a firearm

### 2. Factual Basis for Petitioner's Plea

At his plea hearing, petitioner agreed that "if the facts as stated in the police report were established at a contested evidentiary hearing, that that would furnish a factual basis" for petitioner's plea of no contest to the charge of lewd act upon a child. (Tr. of Plea Hrg. (ECF No. 1-14) at 9.) The Court of Appeal reviewed the record and summarized the facts as follows:

> In June 2012, the Plumas County Sheriff's Office received a report that Jane Doe, a minor, had been raped by defendant, her father. The victim met with a sheriff's deputy and told him that, over a two-day period, defendant sexually assaulted her numerous times. The acts included vaginal rape, oral and anal sodomy, and digital penetration of the victim's vagina.
>
> The sheriff's office arranged a pretext phone call between the victim and defendant. During the call, the victim asked defendant if she could get pregnant as a result of the sexual assault. Defendant said she would not get pregnant "because my shit's tied." Defendant attempted to blame the rape on the victim's brother. When the victim said she would come home only if defendant promised he would not "have sex with [her] again," defendant replied: "I promise! You fucking take that to the bank. I fucking promise, I way promise."
>
> Defendant was later interviewed by law enforcement. He initially denied the rape, claiming he went to bed after drinking alcoholic beverages. Defendant then said the victim exhibited "sexually provocative" behavior toward him, and he could not remember what happened during the times she reported being assaulted. Defendant said the fact that he was cleaning the victim's bedding when law enforcement arrived at the home was purely coincidental.
>
> Defendant was arrested and subsequently charged with (1) committing a lewd act upon a child (Pen. Code, § 288, subd. (a)), (2) sodomy by a person over 21 years old of a person under 16 years old (§ 286, subd. (b)(2)), (3) oral copulation by a person over 21 years old on a person under 16 years old (§ 288a, subd. (b)(2), and being a felon in possession of a firearm (§ 29800, subd. (a)(1)). It was further alleged that defendant was eligible to serve his commitment in state prison pursuant to section 1170, subdivisions (h)(3) and (f).
>
> Defendant pleaded no contest to the charge of committing a lewd act upon a child and agreed his attorney would stipulate to a factual

|   |   |
|---|---|
| 1 | basis for the plea pursuant to <u>People v. West</u> (1970) 3 Cal.3d 595,[3] in exchange for dismissal of the remaining charges and a sentencing lid of eight years in state prison. |
| 2 | |
| 3 | Defendant later moved the trial court for new counsel and to withdraw his plea. The trial court denied both of his motions. Defendant was then sentenced to the aggravated term of eight years in state prison. He was ordered to pay various fines and fees and awarded 223 days of custody credit. |
| 4 | |
| 5 | |

(LD 2.)

### 3. Discussion

Petitioner argues he is actually innocent based on two grounds. First, he provides new evidence, in the form of letters allegedly written by the victim, that petitioner contends demonstrate his innocence. Second, he alleges his ineffective assistance of counsel claim is also based on his actual innocence. In that claim, petitioner argues his trial attorney acted unreasonably when he failed to have bodily fluids found on the victim's bedding and on her person tested for DNA.

#### a. Letters Purportedly from Victim

Petitioner presented two letters, purportedly from the victim, to the superior court in support of his habeas petitions. He submitted the first letter with his October 23, 2014 habeas petition to the Plumas County Superior Court. (LD 3.) That letter is a handwritten, is addressed to "Who ever read this," and has a printed name that appears to be the victim's. The letter states that petitioner is innocent; that the victim found an "item" in petitioner's room "with his stuff" and wiped if on herself. (LD 3 at consecutive page 19.)

The superior court denied the petition on January 5, 2015. (LD 4.) In its ruling, the court noted that the letter purportedly from the victim was undated and was not made under penalty of perjury. Further, the court found that "[a] child's assertion that someone is 'innocent' is not evidence that Petitioner did not commit the crime, particularly in light of the child's pleas that Petitioner be allowed to 'come home.'" (<u>Id.</u>)

---

[3] A plea pursuant to <u>West</u> permits "a defendant to both deny committing the crime and admit that there is sufficient evidence to convict him." <u>Roe v. Flores–Ortega</u>, 528 U.S. 470, 473 (2000) (citing <u>West</u>, 3 Cal. 3d 595).

11

Petitioner submitted a second letter purportedly from the victim with his petitions filed with the Plumas County Superior Court on July 7, 2015 and July 24, 2015. (LD 5, 7.) This second letter was two-pages, typed, and entitled "robert neal is innocent of all crime." The letter again states that the victim wiped herself with petitioner's "dna" and again purports to be signed by the victim, although this time under penalty of perjury. (See LD 5 at consec. pages 7-8.) The state submitted an informal response to the July 2015 petitions. Attached to it is an investigator's report describing meeting with the victim, showing her the letter, and being told that she did not write or sign the letter. The victim stood by the statement she had provided to law enforcement at the time of the crimes. (LD 8 at consec. pages 18-19.) In its October 2015 order denying the two July 2015 petitions, the superior court noted that "[i]t is obvious that two different people signed each letter and neither of them were the victim." (LD 6.) The court was clear in its rejection of petitioner's claims: "The petitioner entered a plea. The victim never testified. This is not newly discovered evidence but a second attempt to manipulate the victim and her statements. He is not entitled to any relief." (Id.)

State court factual findings are entitled to a presumption of correctness by this court. See 28 U.S.C. § 2254(e)(1). That presumption can only be rebutted by "clear and convincing evidence." Further, this court may not grant habeas relief unless a state court's factual finding is unreasonable, meaning no "fair-minded jurist" could have so found. See 28 U.S.C. § 2254(d)(2); Harrington v. Richter, 562 U.S. 86, 101 (2011). Thus, a petitioner's burden to overcome a state court factual finding is steep. Petitioner presents no evidence to rebut the state court's finding that the victim did not sign either recantation letter.

Even if the court is not bound by the presumption of correctness and reasonableness standards of the statute in determining whether petitioner has sufficiently shown actual innocence, see McQuiggin, 569 U.S. at 386 (in determining petitioner's showing of actual innocence "court is not bound by the rules of admissibility that would govern at trial"), petitioner fails to make any showing that the letters were, in fact, signed by the victim. Further, the court is not limited to simply considering the new evidence provided by petitioner. In determining whether a petitioner has established actual innocence, the court must "view the record as a whole" and consider "all

the evidence, old and new, incriminating and exculpatory." House, 547 U.S. at 538-39 (internal quotation marks and citations omitted).  In light of the evidence that the victim did not prepare or sign the letters, the letters are not the sort of "reliable evidence" to make out a "colorable claim of actual innocence" that Schlup requires.  The letters do not make it "more likely than not that no reasonable juror would" have reasonable doubt about petitioner's guilt.  See id. at 538.  Petitioner's claim of actual innocence based on these two letters does not support an exception to application of the statute of limitations.

### b. Ineffective Assistance of Counsel Claim

Petitioner's second showing of actual innocence is based on his claim that counsel was ineffective for failing to have bodily fluids found at the scene and on the victim tested for DNA.  Petitioner's argument that DNA testing would absolve him is unsupported by any other evidence.  Further, petitioner's own evidence demonstrates the weakness of his contention that DNA evidence is "reliable new evidence" of his innocence.  Petitioner presented the letters purportedly from the victim to the state court for the purpose of showing why his DNA may have ended up in the body fluid samples taken from the scene and the victim.

Moreover, speculation about the results of DNA evidence, particularly in light of petitioner's plea and the absence of other evidence of innocence, does not constitute reliable new evidence or make out a colorable claim that petitioner is actually innocent.  Even where the state court has appointed counsel for a petitioner to investigate the availability of DNA testing, courts have found the results of such testing too speculative to make a credible claim of actual innocence. See Cummings v. Dovey, No. CV 07-8144 PSG(AJW), 2008 WL 4664975, at *5 (C.D. Cal. Oct. 17, 2008) ("letter indicating that an investigation into the availability and potential benefit of DNA testing has begun is, at least at this point, entirely speculative, and does not constitute the type of 'new reliable evidence' contemplated in *Schlup*"); see also Wells v. Brewer, No. 2:16-CV-11781, 2017 WL 1047116, at *3 (E.D. Mich. Mar. 20, 2017) (same; citing Cummings); Lloyd v. Jones, No. 2:14cv707-MHT, 2016 WL 7173883, at *7 (M.D. Ala. Oct. 20, 2016) (same), rep. and reco. adopted, 2018 WL 7175606 (M.D. Ala. Dec. 8, 2016); Williams v. Hines, No. 11-1511, 2013 WL 5960673, at *12 (E.D. La. Nov. 6, 2013) (same).

**CONCLUSION**

The undersigned finds that all claims in petitioner's petition are untimely and that his claims are not excepted from the statute of limitations due to petitioner's attempt to show actual innocence. Based on these findings, petitioner's pending motions are moot. Further, petitioner's request in his opposition brief to stay this proceeding to exhaust his ineffective assistance of counsel claim is also moot because that claim is barred by the statute of limitations.

Accordingly, IT IS HEREBY ORDERED that petitioner's outstanding motions (ECF Nos. 47, 52, 53, 57, 59, 65, 68, 85, 86, and 97) are denied as moot; and

Further, IT IS RECOMMENDED that:

1. Petitioner's motion for an evidentiary hearing (ECF No. 65) be denied; and
2. The petition be dismissed as untimely.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 12, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/neal2778.mtd